# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**RON DAVIS,** *et al.*                                                   **PLAINTIFFS**

v.                      **4:10CV1560-BRW**
                          **4:10CV1595-BRW**
                          **4:10CV1607-BRW**
                          **4:10CV1608-BRW**
                          **4:10CV1609-BRW**
                          **4:10CV1610-BRW**
                          **4:10CV1611-BRW**

**REGINA FAVORS,** *et al.*                                         **DEFENDANTS**

## ORDER

Pending are Defendants' Motions to Consolidate and to Dismiss.[1] First, I note that an attorney has not been retained to represent Plaintiff Doctor's Testing Center LLC II as directed in my January 24, 2011 order. I stated in that Order that I would grant the pending motions unless within twenty days a lawyer moved for additional time to respond.

Furthermore, Defendants' arguments are well taken. Plaintiffs' claims arise under the Medicare Act, which contains the exclusive means for judicial review of Medicare claims.[2] Under 42 U.S.C. § 405(g), district courts have jurisdiction to review only *final decisions* of the Commissioner of Social Security.[3] Here, the complaints indicate that Plaintiffs are seeking judicial review of claims for Medicare services that were dismissed by the Medicare Appeals

---

[1]Doc. Nos. 18, 17, 21, 20, 20, 18, and 20, respectively.

[2]42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided"; no federal question jurisdiction on any claim "arising under this subchapter").

[3]"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . ." 42 U.S.C. § 405(g).


Council for lack of redetermination. Medicare regulations provide that Plaintiffs are not entitled to judicial review of claims that were previously dismissed for lack of redetermination at the lower level of the administrative appeals process.[4] So while on this record it is unclear exactly what happened at the administrative level, it is clear that there is no final decision for me to review.[5] Accordingly, Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Defendants' Motions are GRANTED, and these cases are consolidated under Case No. 4:10CV1560-BRW and DISMISSED with prejudice.

IT IS SO ORDERED this 15th day of February, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] Neither a Qualified Independent Contractor's ("QIC") reconsideration of a contractor's dismissal of a redetermination, nor an ALJ's decision regarding a QIC's dismissal of a reconsideration request is subject to further review. *See* 42 C.F.R. §§ 405.974(b)(3), 405.1004(c).

[5] *See* 42 C.F.R. § 405.904; *Sheehan v. Sec'y of Health, Educ. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (holding that the district court lacked jurisdiction to review the merits of a claim after the Appeals Council denied a request for extension of time to file appeal because that denial was not a "final decision" following a hearing, as required under 42 U.S.C. § 405(g)).